# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| HASAN KHUSHAIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. N15C-11-212 PRW |
| | ) | |
| TULLOW INC. d/b/a | ) | |
| APPOSTROPHIC, | ) | |
| APPOSTROPHIC LLC, | ) | |
| OUTREACH GLOBAL, LTD., | ) | |
| and NATHAN GIBSON, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: June 27, 2017
Decided: August 16, 2017

*Upon Defendant's Motion for Partial Summary Judgment,*
**DENIED.**

## MEMORANDUM OPINION AND ORDER

Gordon J. Zuiderweg, Esquire (*pro hac vice*), Law Offices of Barry K. Rothman, Los Angeles, California, Nicholas G. Kondraschow, Esquire (argued), Rhodunda & Williams, Wilmington, Delaware, Attorneys for Plaintiff.

Todd A. Holleman, Esquire, Robert E. Murkowski, Esquire, Miller, Canfield, Paddock and Stone, PLC, Detroit, Michigan, John A. Sensing, Esquire (argued), Potter Anderson & Corroon LLP, Attorneys for Defendant, Tullow Inc.

**WALLACE, J.**

## I.  INTRODUCTION

Before the Court is Defendant Tullow, Inc.'s d/b/a Appostrophic ("Tullow") Motion for Partial Summary Judgment of Count I of Plaintiff Hasan Khushaim's ("Khushaim") Complaint.  In January 2013, Khushaim hired Tullow to design and build certain mobile applications.  Tullow was to be paid in four installments totaling $75,000.  The parties memorialized the terms of their agreement in a "Project Development Contract" dated January 29, 2013.  Khushaim complains that Tullow breached this contract by failing to deliver the completed mobile applications.  Among other things, Khushaim's breach-of-contract claim alleges future lost profits.  Tullow maintains that Khushaim has failed to submit any admissible evidence in support of that damages claim and that partial summary judgment is warranted.  For the reasons set forth below, Tullow's Motion is **DENIED**.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Khushaim brought this action against Defendant Tullow in a ten-count complaint.[1]  Tullow filed a dismissal motion, which this Court granted in part and denied in part.[2]  Count I, alleging breach of contract, is the only surviving claim.[3]  Tullow now asks for partial summary judgment on that remaining claim.

---

[1]  *Khushaim v. Tullow Inc.*, 2016 WL 3594752, at *1 (Del. Super. Ct. June 27, 2016).

[2]  *See id.*

[3]  *See id.* at *9.

-2-

In January 2013, Khushaim, a citizen of Saudi Arabia, and Tullow, a Delaware corporation, entered into a Project Development Contract ("the Contract").[4] The Contract provided that Tullow would "design, develop, and implement" mobile applications adapting two Arabic card games ("Trix" and "Belote") for mobile use.[5] The Contract had a completion period of 250 days and specified a schedule of four payments of $18,750.00, for a total anticipated contract value of $75,000.[6] The Contract included a Delaware choice-of-law provision.[7]

Khushaim says he made the first three payments, but not the fourth and final because the Contract's fourth phase, "Deployment," never occurred.[8] Khushaim says further that in addition to the first three regular installments, he paid Tullow a supplement of $20,000 in May 2013 for upgrades to the programs.[9] Khushaim

---

[4]    *See* Def. Tullow's Mot. to Dismiss, Ex. 1 ("Project Development Contract").

[5]    *Id.* at Ex. 1 § 1 ("[Tullow] shall serve as a contractor of Buyer, and shall design, develop, and implement applications 'Belote & Trix' according to the functional specifications and related information, if any, and incorporated herein by this reference . . . . The Software, including all versions . . . shall be delivered to Buyer within 250 days of receiving the payment.").

[6]    *Id.* at Ex. 1, at 13 ("Payment Schedule").

[7]    *Id.* at Ex. 1 § 13 ("This Agreement shall be construed and enforced according to [t]he laws of the State of Delaware and any dispute under this Agreement must be brought in this venue and no other.").

[8]    Pl.'s Compl. ¶ 13. The exact date of the four payments is not specified in the Complaint or the Project Development Contract, but provides for a "Total Completion Period" of "250 Working Days." *See* Def. Tullow's Mot. to Dismiss, Ex. 1, at 13 ("Payment Schedule").

[9]    Pl.'s Compl. ¶ 13.

claims he never received the final versions of the two mobile applications and that he has been unable to "obtain the return of his copyrighted software designs."[10]

Khushaim alleges that "as a result of Tullow's failure to complete development of the mobile applications for Trix and Belote, Khushaim lost subscription sales for the two games, which would have totaled $27,000,000.00."[11] Tullow filed this Motion for Partial Summary Judgment to limit Khushaim's damages for the breach-of-contract claim to $75,000.

The Court heard oral argument on this Motion and addressed Khushaim's lack of evidence to support his surviving claim of $27 million in lost profits.[12] The speculative nature of the alleged $27 million in future lost profits was discussed previously during oral argument on an earlier motion to dismiss.[13] Again, at the time of this Motion, the Court was concerned that Khushaim had still failed to offer any evidence to support a "reasonable certainty . . . of potential lost profits."[14] Khushaim had also failed to submit a responsive affidavit pursuant to Superior Court Civil Rule 56(f).[15]

---

[10]      *Id.* ¶ 16.

[11]      *Id.* ¶ 17.

[12]      Def. Tullow's Mot. for Partial Summ. J. Hr'g Tr. 11, Jan. 13, 2017.

[13]      Hr'g Tr. 11–12.

[14]      Hr'g Tr. 12.

[15]      Hr'g Tr. 11.

Because no scheduling order preceded this Motion, and because Khushaim appeared to have anticipated being able to produce evidence to support his claim, the Court granted limited discovery on the particular issue of the $27 million in lost future profits.[16]   The Court allowed the parties 120 days to conduct discovery and 30 days from the close of that discovery to submit supplemental briefs.[17]

The parties recently submitted those supplemental briefs.  Khushaim attached exhibits he suggests support his $27 million future lost profits claim.[18]   These exhibits include: (1) Tullow's Interrogatories and Requests for Production; (2) a record of payment to another software development company; (3) a market research report from the digital marketing agency MKT Indeed (the "MKT report"); (4) the résumé of Khushaim's proposed expert, Dr. Michael Einhorn; (5) Dr. Einhorn's Expert Report; (6) Khushaim's Interrogatories and Requests for Production; and (7) the Project Development Contract.[19]

---

[16]     Hr'g Tr. 19–20.

[17]     Hr'g Tr. 20.

[18]     *See* Pl. Khushaim's Supplemental Br. in Opp. to Def. Tullow's Mot. for Partial Summ. J. to Limit Damages, Exs. A–G [hereinafter "Pl.'s Br."].

[19]     *Id.*

Tullow argues that Khushaim "fails to support his claim for lost profits with any admissible evidence."[20] Tullow specifically disputes the qualifications of Khushaim's expert[21] and the reliability of the MKT report.[22] As such, Tullow requests that the Court grant partial summary judgment in its favor.[23]

## III. DISCUSSION

The entirety of Tullow's argument rests on the alleged inadmissibility of Khushaim's proposed lost profit valuation evidence. But its request that the Court determine the admissibility of Khushaim's evidence comes too soon and is far too cursory.[24] True, the Court should consider only "admissible evidence in deciding a motion for summary judgment."[25] And for an expert and his report to be admitted into evidence, the proponent of the proffered expert testimony eventually bears the

---

[20] Def. Tullow's Supplemental Br. in Supp. of Mot. for Partial Summ. J. to Limit Damages at 3 [hereinafter "Def.'s Br."].

[21] *Id.* at 3.

[22] *Id.* at 4.

[23] *Id.* at 5.

[24] *Id.* at 3–5.

[25] *Lundeen v. PricewaterhouseCoopers, LLC*, 2006 WL 2559855, at *8 (Del. Super. Ct. Aug. 31, 2006).

burden of establishing the testimony's relevance, reliability, and admissibility by a preponderance of the evidence.[26]

Delaware Rule of Evidence 702 governs the admissibility of such expert testimony. And Rule 702 provides that "a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."[27]

Delaware has adopted *Daubert v. Merrell Dow Pharmaceuticals, Inc.*'s five-factor test to evaluate the admissibility of expert testimony.[28] Those five factors are:

> (i) the witness is 'qualified as an expert by knowledge, skill, experience, training or education'; (ii) the evidence is relevant and reliable; (iii) the expert's opinion is based upon information 'reasonably relied upon by experts in the particular field'; (iv) the expert testimony will 'assist the trier of fact to understand the evidence or to determine a fact in issue'; and (v) the expert testimony will not create unfair prejudice or confuse or mislead the jury.[29]

---

[26]   *Minner v. Am. Mortg. & Guar. Co.*, 791 A.2d 826, 843 (Del. Super. Ct. Apr. 17, 2000).
[27]   D.R.E. 702.

[28]   *See M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 523 (Del. 1999).

[29]   *Cunningham v. McDonald*, 689 A.2d 1190, 1193 (Del. 1997) (citing *Nelson v. State*, 628 A.2d 69, 74 (Del. 1993); D.R.E. 702; D.R.E. 703).

Such a *Daubert* evaluation at the summary judgment stage should never be conducted loosely.[30]

When exclusion of expert testimony results in summary judgment, there is the understandable concern that the Court acts on an incomplete record and – when deciding the expert's inadmissibility – has "set the threshold too high."[31]

This is not to say that the Court can never make a *Daubert* determination during the summary judgment phase. But the Court should be hesitant in all but the clearest of cases to do so.[32] As a general rule,

> A trial setting normally will provide the best operating environment for the triage which *Daubert* demands. *Voir dire* is an extremely helpful device in evaluating proffered expert testimony . . . and this device is not readily available in the course of summary judgment proceedings. Moreover, given the complex factual inquiry required by *Daubert*, courts will be hard-pressed in all but the most clearcut cases to gauge the reliability of expert proof on a truncated record. Because the summary judgment process does not conform well to the discipline that *Daubert* imposes, the *Daubert* regime should be employed only with great care and circumspection at the summary judgment stage . . . . [A]t the junction where *Daubert* intersects with summary judgment practice, *Daubert* is accessible, but courts must be cautious—except when

---

[30]    *Cortés-Irizarry v. Corporación Insular de Seguros*, 111 F.3d 184, 188 (1st Cir. 1997).

[31]    *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 750 (3d Cir. 1994) ("[W]hen the district court's exclusionary evidentiary rulings with respect to scientific opinion testimony will result in a summary or directed judgment, we will give them a 'hard look' . . . to determine if a district court has abused its discretion in excluding evidence as unreliable.").

[32]    *Cortés-Irizarry*, 111 F.3d at 188.

defects are obvious on the face of a proffer—not to exclude debatable scientific evidence without affording the proponent of the evidence adequate opportunity to defend its admissibility.[33]

Tullow is correct – the Court should consider only admissible evidence on a motion for summary judgment.[34] But Tullow does little to address the *Daubert*-required examination when attacking the admissibility of the future profit valuation evidence offered. And the Court cannot, given the proffer made, find this a clear cut case of unreliable expert testimony.

Instead, a detailed factual inquiry is necessary to evaluate the admissibility of the proffered economist's opinion testimony in this matter. That detailed inquiry has yet to be engaged or even available during these summary judgment proceedings. In turn, the Court can't say that Khushaim's future lost profit evidence wouldn't support the necessary element of his damages claim. And so, Tullow's Motion for Partial Summary Judgment to limit damages must be **DENIED**.

**IT IS SO ORDERED.**

**Paul R. Wallace, Judge**

---

[33] *Id. See United States v. Sepulveda*, 15 F.3d 1161, 1184 (1st Cir. 1993); *see also* Margaret A. Berger, *Procedural Paradigms for Applying the Daubert Test*, 78 Minn. L. Rev. 1345, 1379–80, 1381 (1994).

[34] *See Kennedy v. Giannone*, 1987 WL 37799 (Del. June 16, 1987) (noting that "party opposing a motion for summary judgment must come forward with admissible evidence showing the existence of a genuine issue of fact").

Original to Prothonotary
cc:  Counsel via File and Serve